UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CISCO SYSTEMS, INC.,
and HEWLETT-PACKARD
ENERPRISES COMPANY, et
al,

     Plaintiffs,

v.                                    Case No. 17-13770

CHRIMAR SYSTEMS, INC.,               HON. AVERN COHN

     Defendant.
_____/

**ORDER STAYING PROCEEDINGS**
**AND**
**ADMINISTRATIVELY CLOSING CASE**

I.


This is a patent case. Plaintiffs, Cisco Systems, Inc. (Cisco) and Hewlett-Packard

Enterprise Company, HP Inc. and Aruba Networks, Inc. (collectively, HP), filed separate

declaratory judgment actions against defendant ChriMar Systems, Inc. (ChriMar). Cisco

v. ChriMar, 17-13770 (Cisco case), and HP v. ChriMar, 17-13784 (HP case).[1]  In each

case, Cisco and HP seek a declaration that they have not infringed six of ChriMar's

patents.  HP and Cisco also say that all of the patents are unenforceable on the

grounds of fraud and bad faith relating to ChriMar's alleged lack of adequate disclosure

to the Institute of Electrical and Electronics Engineers.  All the patents relate to

_____

[1] The HP case was reassigned to the undersigned as a companion to the Cisco case.
See Doc. 8 in case no. 17-13784.

ChriMar's commercial products that detect Ethernet equipment remotely even when that equipment is without any of its operating power. The cases have been consolidated and all proceedings are docketed under the Cisco case. See Doc. 19 in the Cisco case.

Before the Court are Cisco and HP's motions to stay proceedings[2] pending resolution of a proceedings in a case pending between ChriMar, Cisco and HP in the Northern District of California involving one of the patents at issue in this case. Cisco and HP also contend that a stay pending further proceedings in inter partes review (IPR) is appropriate. For the reasons that follow, the motions will be granted and the case administratively closed.

II.

In 2011, ChriMar sued Cisco and HP in the Northern District of California claiming infringement of U.S. patent 7,457,250, the parent patent to the patents-in-suit. ChriMar v. Cisco, 13-cv-1300 (N.D. Ca) (California action).[3] Additionally, in response to other non-parties' petitions, the Patent and Trial Board (PTAB) instituted multiple IPR proceedings involving some of the patents-in-suit.

At a hearing on the motions to stay, Cisco and HP attempted to explain why they filed declaratory judgment actions and then asked for a stay based on the California action and IPR proceedings. In particular, they said that a decision[4] in the California action may fully resolve the parties' dispute. They also explained the filing was

_____

[2] See Doc. 16 in the Cisco case and Doc. 18 in the HP case.
[3] The docket sheet for the California action runs 158 pages, the first 69 of which are attorney appearances. There are 457 docket entries.
[4] The parties are awaiting a decision on Chrimar's motion for summary judgment which was filed in 2016.

necessitated in part because Chrimar has been threatening to sue their customers for practicing its patents. Chrimar in response explained its desire to go forward and acknowledged it has for some time been pursuing litigation over its patents.

The Court accepts the representation of Cisco and HP that resolution of the California action, i.e. disposition of the pending motion for summary judgment, may impact the proceedings in this case. Thus, stay is appropriate.

Accordingly, proceedings in this case are STAYED and this case is CLOSED for administrative and statistical purposes without prejudice. The stay is in effect for one (1) year. If the summary judgment decision in the California action issues within the year, the Court shall be advised and on motion of any party the case restored to the active docket. If a decision does not issue within the year, the Court will hold a conference at the expiration of the year to discuss further proceedings in this case.

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 9/17/2018
Detroit, Michigan